1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GMMI, LLC, et al.,

     Plaintiffs,

     v.

PARAGON AUCTIONS, LLC, et al.,

     Defendants.

Civil No. 3:14-cv-01732 (JAF)

5
6

**<u>MEMORANDUM OPINION AND ORDER</u>**

7

**I.**

8

**<u>Introduction</u>**

9      This matter is before the court on Defendant Paragon Auctions, LLC's and

10 Defendant Keith Vari's motion to dismiss for lack of personal jurisdiction and improper

11 venue and, in the alternative, Defendants' motion to transfer venue. (Docket No. 17.)  For

12 the following reasons, Defendants' alternative motion to transfer venue to the United

13 States District Court for the District of New Jersey is GRANTED.

14

**II.**

15

**<u>Facts</u>**

16      This matter stems from a contract dispute between Plaintiffs GMMI and Ariel

17 González-Bernal (personally and as President of GMMI) and Defendants Paragon

18 Auctions, LLC, and its President, Keith Vari.  Defendant Paragon Auctions, LLC, is a

19 corporation formed in New Jersey, with its principal place of business in South Carolina.

20 Defendant Keith Vari is a resident of New Jersey. Plaintiff GMMI is a limited liability

1   company organized under the laws of Puerto Rico. Plaintiff Ariel González-Bernal is a

2   resident of Puerto Rico.

3        GMMI operates as a vintage sports memorabilia company, purchasing and selling

4   sports memorabilia through online auctions, retail transactions, or consignment.  In 2012,

5   GMMI's President, co-plaintiff Ariel González-Bernal, met Mr. Vari during a business

6   trip in Baltimore, Maryland. Mr. González sold several items to Paragon in 2012, which

7   Paragon then sold at online auction.

8        Following the initial online auction, GMMI consigned and delivered to Paragon

9   204 items to be sold during Paragon's online auction to be held June 6, 2014, through

10  July 12, 2014.  Plaintiffs did not attach a copy of the underlying agreement regarding the

11  2014 auction items to the Complaint.  Despite referencing the underlying agreement

12  throughout their briefs, neither party provided the contract for the court's review.

13       The items were stored at Paragon's South Carolina office during the auction.  At

14  the closing of the bidding on a specific item, the item was awarded to the highest bidder.

15  Payment was due within fifteen days of the date of the invoices which were sent by email

16  on Monday, July 14, 2014.  The items were then shipped to the winning bidders who, in

17  turn, had sixty days from the closing of the auction to challenge the authenticity of an

18  item.  In the event of a challenge to an item's authenticity, the disputed merchandise was

19  to be returned to Paragon.  Once Paragon received payment in full from the bidder, it had

20  forty calendar days to pay GMMI the proceeds received and collected from the sale of the

21  items. Some of the winning bidders took issue with the authenticity of the merchandise

1   and refused or returned the items. The items at issue are now held at Paragon's offices in

2   New Jersey.

3          GMMI alleges that 1) Paragon sold 172 items during the auction for an aggregate

4   sum of $477,500; 2) Paragon has not paid GMMI the proceeds in accordance with their

5   consignment agreement, and 3) Paragon has not returned the unsold items to GMMI.

6   GMMI further alleges that Paragon allowed winning bidders to walk-away from their

7   purchases without payments, contacted third parties regarding the authenticity of

8   GMMI's consigned products, harassed Plaintiffs with telephone calls and emails

9   threatening legal actions, and advised bidders to contact Plaintiffs directly to negotiate

10  sales of unsold or cancelled lots.

11         Plaintiffs assert claims for breach of contract, defamation, trade libel and

12  commercial disparagement, invasion of privacy, and tortious interference with a business

13  relationship.

14                                           **III.**

15                                          **<u>Venue</u>**

16         Defendants move to dismiss for improper venue pursuant to Federal Rule of Civil

17  Procedure 12(b)(3), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404

18  to the United States District Court for the District of New Jersey.  Under § 1404(a), a

19  district court may transfer any civil action to any other district where it may have been

20  brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

21  U.S.C. § 1404(a).  Defendants have the burden of proof to transfer venue to New Jersey

22  as "there is a strong presumption in favor of the plaintiff's choice of forum." *Astro-Med,*

1   *Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 13 (1st Cir. 2009) (internal quotation

2   marks and citation omitted).

3   **A.     Plaintiffs Could Have Brought This Action in New Jersey**

4        The United States District Court for the District of New Jersey has personal

5   jurisdiction over Defendants.  Paragon is a New Jersey corporation and Mr. Vari is a

6   resident of New Jersey.  Plaintiffs are citizens, or residents, of Puerto Rico.  The amount

7   in controversy remains the same, in excess of $75,000.  Accordingly, the United States

8   District Court for the District of New Jersey has original jurisdiction over this matter.  28

9   U.S.C. § 1332(a)(1).

10       The United States District Court for the District of New Jersey is a proper venue

11  for this litigation.  In a civil action, venue is proper in "a judicial district in which any

12  defendant resides, if all defendants are residents of the State in which the district is

13  located[.]"   28 U.S.C. § 1391(b)(1).   According to § 1391(c)(2), a defendant

14  corporation's residency for determining proper venue, is "in any judicial district in which

15  such defendant is subject to the court's personal jurisdiction with respect to the civil

16  action in question[.]" Thus, under § 1391, venue is proper in the United States District

17  court for the District of New Jersey.  Accordingly, Plaintiffs could have filed their claims

18  in the United States District Court for the District of New Jersey.

19  **B.     Transfer is Appropriate**

20  Having determined that the Plaintiffs could have filed this suit in the District of New

21  Jersey, the court must now determine whether a transfer from Puerto Rico to New Jersey

22  would be best for the "convenience of parties and witnesses" and "in the interest of

Civil No. 3:14-cv-01732 (JAF)                                                      -5-

1   justice" pursuant to § 1404(a).   The district court must decide the issue of transfer after

2   considering and balancing both the private interests of the parties and various public

3   interests. *Atlantic Marine Construction Company, Inc. v. United States District Court for*

4   *Western District of Texas,* ___ U.S. ___, 134 S.Ct. 568, 581 (2013) (citation omitted).

5          **1.     Private Interests**

6          The trial court should consider "relative ease of access to sources of proof;

7   availability of compulsory process for attendance of unwilling, and the cost of obtaining

8   attendance of willing, witnesses; possibility of view of premises, if view would be

9   appropriate to the action; and all other practical problems that make trial of a case easy,

10  expeditious and inexpensive." *Atlantic Marine Const. Co., Inc.* 134 S.Ct. at 581, n. 6.

11         This factor weighs slightly in favor of a transfer.   The parties in this case are

12  located in Puerto Rico and New Jersey.   Plaintiff González is a resident of the

13  Commonwealth of Puerto Rico where his business, Plaintiff GMMI, is legally formed

14  and has its principal place of business.   Defendants Vari and Paragon are legal residents

15  of New Jersey, and Paragon has its principal place of business in South Carolina.   The

16  parties did not provide a list of witnesses and their locations to the court. Plaintiffs assert

17  that their witnesses reside in Puerto Rico and Defendants' witnesses presumably reside in

18  New Jersey – or at the very least outside of Puerto Rico.

19         The majority of Plaintiffs' documents and information relevant to this action are

20  accessible online.   The actual items at issue are located in New Jersey.[1]   These items will

---

[1] The court considers this fact with the knowledge that the items only remain in New Jersey because Defendants have not returned them to Plaintiffs.

1   likely be crucial evidence for the defense and any later filed counter-claims.  Moreover,

2   Defendants' documents and business records are located in New Jersey.

3          As Mr. González points out, he travels frequently out of Puerto Rico; thus, for

4   Plaintiffs to travel to New Jersey would likely be no more inconvenient than Plaintiffs to

5   travel to Puerto Rico from wherever Mr. González is located at that particular time.

6          Plaintiffs travelled to New Jersey, Illinois, and South Carolina for the purpose of

7   furthering their business endeavors with Defendants.  Defendants, however, have never

8   traveled to Puerto Rico for business with Plaintiffs.

9          Given the above considerations, the court finds that the parties' interests slightly

10  favor a transfer of the matter to New Jersey.

11         **2.     <u>Public Interests</u>**

12         The public-interest factor weighs heavily in favor of a transfer.  While giving

13  proper weight to the plaintiff's choice of forum, the court considers public-interest

14  factors, including "the administrative difficulties flowing from court congestion; the local

15  interest in having localized controversies decided at home; [and] the interest in having the

16  trial of a diversity case in a forum that is at home with the law." *Atlantic Marine Const.*

17  *Co., Inc.,* 134 S.Ct. at 582, n.6 (citation omitted).

18         First, New Jersey law, not Puerto Rico law, applies to this contract dispute.  The

19  consignment addendum states that the laws of New Jersey govern the contract between

20  the parties: "The agreement shall be governed by and constructed in accordance with the

21  laws of New Jersey." (Docket No. 26-2.) Although not a forum-selection clause requiring

22  the parties to bring suit in a specific jurisdiction, the court considers the fact that the

Civil No. 3:14-cv-01732 (JAF)                                                    -7-

1   parties bargained for and agreed that New Jersey law applies to any dispute arising from

2   their agreement.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981) (listing

3   a court's familiarity with the "law that must govern the action" as a potential factor).  The

4   court notes that the document containing the choice of law provision is not signed, nor

5   has the court been provided with any signed agreement between the parties.  (See Docket

6   No. 26-2.) Further, the document does not reference how it applies to GMMI or Ariel

7   González-Bernal. (Docket No. 26-2.) Plaintiffs, however, do not dispute the document or

8   that New Jersey law applies pursuant to this provision.  (See Docket No. 31 at 13-14.)

9        Second, although the court gives proper weight to Plaintiffs' choice to file suit in

10  Puerto Rico, it cannot ignore that a substantial amount of activity giving rise to Plaintiffs'

11  Complaint took place in New Jersey, and nearly all activity occurred outside of Puerto

12  Rico.  The face-to-face negotiations for the underlying agreement took place in New

13  Jersey, Illinois, and Maryland.  The merchandise that was not sold at auction is located in

14  New Jersey.  The items that winning bidders either returned or never paid for are located

15  in New Jersey.  Defendants assert that Plaintiffs signed the contract in New Jersey.

16  Plaintiffs do not dispute this.[2]

17       Puerto Rico simply has no interest in adjudicating this dispute.  Plaintiffs are

18  residents of Puerto Rico and, although the court agrees with Plaintiffs that a business that

19  "generates tax income and stimulates this jurisdiction's economy" is important to this

20  court, based on the thorough review of the facts of this matter, this dispute simply does

21  not belong here.

_____

[2] Instead, Plaintiffs argue that Defendants mailed the contract to them in Puerto Rico, where they reviewed and amended it.

1                                              **IV.**

2                                       **<u>Conclusion</u>**

3           Based upon the above, the motion to **TRANSFER is GRANTED**.   This matter is

4    hereby transferred to the United States District Court for the District of New Jersey.

5           **IT IS SO ORDERED.**

6           San Juan, Puerto Rico, this 26th day of February, 2015.

7                                                          <u>S/José Antonio Fusté</u>
8                                                          JOSE ANTONIO FUSTE
9                                                          U. S. DISTRICT JUDGE